IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TONY R. WINN**, | Case No. 6:16-cv-2140-AC |
| Petitioner, | **ORDER** |
| v. | |
| **JEFF PREMO**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on April 28, 2021. Judge Acosta recommended that this Court deny Petitioner's First Amended Petition for Writ of Habeas Corpus.

      Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

      For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. Petitioner argues that Judge Acosta erroneously concluded that Petitioner's new evidence that his children did not perceive the assaultive conduct relates to mere "legal insufficiency" instead of "factual innocence" for Petitioner's challenge to his conviction of Assault in the Fourth Degree. Judge Acosta, however, specifically analyzed whether *regardless* of that conclusion, Petitioner met the required standards for actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). Judge Acosta reviewed the relevant evidence adduced at trial and the new evidence provided by Petitioner. Judge Acosta then concluded that Petitioner failed to meet his burden under *Schlup* because "it is not likely that all reasonable jurors would credit the post-trial affidavits and reverse their verdict of guilt." ECF 47 at 12-13.

The Court has considered this issue *de novo* and agrees with, and adopts the reasoning of, Judge Acosta. "To make a successful claim under *Schlup*, 'a petitioner must show that in light of all the evidence, including new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004) (quoting *Carriger v. Stewart*, 132 F.3d 463, 478 (9th

Cir. 1997)). The Court must make this "determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328 (quotation marks omitted). The Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Id.* at 332. The Court agrees with Judge Acosta that considering the post-trial affidavits of Petitioner's children along with the evidence adduced at trial of the children's contemporaneous statements, the Court cannot conclude that it is more likely than not that *no* reasonable juror would have found Petitioner guilty beyond a reasonable doubt of Assault in the Fourth Degree.

Petitioner does not object to the other findings and conclusions in Judge Acosta's Findings and Recommendation. For those portions to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Acosta's Findings and Recommendation, ECF 47. The Court DENIES Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF 15). The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of June, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER